UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 6:11-CR-40-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| JOHN WAYNE ADAMS, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 2012, John Wayne Adams pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. D.E. 119. His plea agreement acknowledged that he had been convicted of five prior drug-related felonies. *Id*. at 3. Among these were "Conspiracy to Manufacture Methamphetamine, Laurel Circuit Court case 03-CR-36, 02/20/04 11 years," and "Trafficking in a Controlled Substance in the First Degree, Laurel Circuit Court 02-CR-29, 01/07/03 5 years." *Id*. Adams's presentence investigation report ("PSR") recommended the following "Chapter Four Enhancement:"

> The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. The qualifying convictions in this matter are Laurel County Circuit Court, Cases #02-CR-29 (trafficking in a controlled substance) and #03-CR-36 (conspiracy to manufacture methamphetamine)[.] Therefore, the defendant is a career offender. The offense level for a career offender in which the maximum statutory penalty is life imprisonment is 37. USSG § 4B1.1(b)(1).

D.E. 182 at 6; *see also id*. at 12, 15; USSG § 4B1.1(a).

1

At Adams's sentencing, Judge Van Tatenhove found that the career offender enhancement applied. D.E. 187 at 9-10. Adams's recommended Guidelines Range was 262 to 327 months. *Id*. at 10; D.E. 182 at 22. However, Adams entered a binding plea agreement that set his term of imprisonment at 240 months. D.E. 187 at 10; D.E. 119 at 4 ¶ 5(c); D.E. 182 at 3 ¶ 2, 22 ¶ 91. In November 2012, Judge Van Tatenhove accepted the plea agreement and sentenced Adams to 240 months of incarceration. D.E. 187 at 16; D.E. 126 at 2.

Adams did not appeal his sentence. On July 9, 2015, he filed a motion to reduce his sentence. D.E. 168. That motion was denied. D.E. 172. Adams has appealed the denial of his motion (D.E. 180), and filed a motion for reconsideration that remains pending (D.E. 185).

On April 1, 2016, more three years and four months after judgment was entered against him, Adams filed this motion challenging his sentence under 28 U.S.C. § 2255. D.E. 188. He asks that his "'career offender' enhancement/sentence be removed from the record." *Id*. at 13.[1] Adams asserts that he "was denied due process of law in violation of the 5th Amendment." *Id*. at 4. He explains that his

> sentence was enhanced under a constitutionally infirm USSG, 4B1.1 & 4B1.2(a). On June 26, 2015, the U.S. Supreme Court ruled in *Johnson v. United States*, 135 S. Ct. 2551 . . . that the "residual clause" of 18 U.S.C. § 924(e), the [Armed Career Criminal Act, was] "unconstitutionally vague." The 6th Circuit adopted that holding relating to the Career Offender enhancements in *United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. 2015).

*Id*.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion. "If it plainly appears from the motion, any

---

[1] Adams also asks that he "be given consideration for the 'All Drugs Minus Two' Amendment 782 two level reduction." D.E. 188 at 13. The Amendment 782 reduction is the subject of Adams's previous motion at Docket Entry 168. Judge Van Tatenhove denied that motion on the basis that it was inapplicable because Adams is a career offender. D.E. 172. Adams has both appealed this decision and moved for reconsideration. D.E. 180, 185. Relief on this claim under § 2255 is not appropriate for the reasons stated in Judge Van Tatenhove's order at Docket Entry 172.

2

attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Because Adams's motion is plainly time-barred, his motion must be denied.

### I. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Adams is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Nevertheless, § 2255 imposes a strict one-year statute of limitations. That limitations period runs from the latest of four events, only two of which are relevant in this case:

(1) the date on which the judgment of conviction becomes final;

(2) [or] . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C § 2255(f).

When no appeal is filed, a conviction "becomes final when the time for direct appeal expires." *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). The Sixth Circuit's Rules mandate that a criminal appeal be filed "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Sixth Circuit Rule 4(b)(1)(A). Adams's judgment was entered on November 7, 2012. D.E. 126 Adding fourteen days, his one-year statute of limitations under § 2255(f)(1) expired on November 21, 2013. Unless Adams can show that § 2255(f)(1) does not apply, his claim is time-barred.

## II. Analysis

To avoid this issue with the § 2255(f)(1) deadline, Adams argues that the publishing of *Johnson v. United States*, 135 S. Ct. 251 (2015), on June 26, 2015, triggers subsection (f)(3) in his case. Section 2255(f)(3) only applies if (1) the right Adams asserts was "initially" and "newly" recognized by the Supreme Court in *Johnson*, and (2) the right has been "made retroactively applicable to cases on collateral review." If subsection (f)(3) applies, then his petition was timely filed because *Johnson* is less than a year old.

Adams argues that the timeliness of his motion "is the result of a new rule of constitutional law, previously unavailable, made retroactive to cases on collateral review, by the U.S. Supreme Court on June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551, and as such, it was not available until then." D.E. 188 at 12.

4

The problem for Adams is that the right that the Supreme Court "newly" and "initially" recognized in *Johnson*, even if retroactive, does not apply to his case. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). The "residual clause" is the portion of the Act's definition of "violent felony." *Id*. at 2556. Under the residual clause, a violent felony includes any crime "punishable by imprisonment for a term exceeding one year . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924(e)(2)(B)(ii).

Adams acknowledges that he was not sentenced under the Armed Career Criminal Act. Instead, he argues that *Johnson's* holding extends to the identically-worded "residual clause" in section 4B1.2 of the United States Sentencing Guidelines. D.E. 188 at 4. Section 4B1.2 provides definitions of terms used in section 4B1.1, the "career offender" guideline. Adams correctly points out that in *United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015) (per curiam), the Sixth Circuit vacated, under *Johnson*, a sentence enhanced under the Guidelines' career offender residual clause, USSG § 4B1.2(a)(2). *See also United States v. Harbin*, 610 F. App'x 562 (6th Cir. 2015) (per curiam). Further, in a recent published opinion, the Sixth Circuit applied *Johnson* to the residual clause of § 4B1.2(a)(2) and remanded for reconsideration under *Johnson*. *United States v. Binford*, No. 14-1635, 2016 WL 1258375, at *10 (6th Cir. Mar. 31, 2016).

However, these rulings provide no help to Adams. Adams's sentence was not enhanced under § 4B1.2(a)'s definition of "crime of violence" or its residual clause. His career offender enhancement was based on having "at least two prior felony convictions of . . . a controlled

5

substance offense." USSG § 4B1.1(a)(3); *see also* D.E. 182 at 6 ¶ 26. Therefore, even assuming that *Johnson* applies retroactively to cases on collateral review (28 U.S.C. § 2255(f)(3)),[2] *Johnson* cannot conceivably apply to Adams's career offender enhancement. Adams's career offender designation under § 4B1.1(a) was based on controlled substance offenses, not any violent crimes pursuant to the residual clause. Because *Johnson* cannot apply to his case, he cannot calculate his statute of limitations from the publication of *Johnson*.

The resolution of this case is in line with *Logan v. United States*, No. 1:15-CV-889, 2016 WL 96179, at *3-4 (W.D. Mich. Jan. 8, 2016), in which the court denied a § 2255 motion when the career offender had two predicate crimes that did not implicate the Guidelines' residual clause. This case is also indistinguishable from *Travis v. Quintana*, No. 5:15-CV-209-DCR, 2015 WL 7454578, at *3 & n.4 (E.D. Ky. Nov. 23, 2015), in which the court found *Johnson* "wholly inapplicable" when, as here, the career offender's predicate crimes were controlled substance offenses.

It is also worth noting that, in addition to its timeliness, the substance of Adams's petition depends on the applicability of *Johnson*. D.E. 188 at 4. Because *Johnson* does not apply to Adams's career offender enhancement, his petition also plainly fails on the merits.

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

---

[2] This question is currently before the Supreme Court in the recently-argued *Welch v. United States*, No. 15-6418. The Sixth Circuit has not ruled on the retroactivity of *Johnson* to cases on collateral review. *See Clark v. Butler*, No. 15-CV-131-GFVT, 2015 WL 5722792, at *4 (E.D. Ky. Sept. 29, 2015); *Brown v. Warden*, No. 15-CV-88-HRW, 2015 WL 6702451, at *5 (E.D. Ky. Nov. 3, 2015); *Taylor v. Snyder-Norris*, No. 15-CV-59-HRW, 2015 WL 7018450, at *4 (E.D. Ky. Nov. 12, 2015).

### III. Conclusion

Having conducted a preliminary review, the undersigned finds that Adams's theory regarding the timeliness of his petition is plainly meritless. The one-year statute of limitations began to run on the date his judgment of conviction became final, which is November 21, 2012. His petition, filed on April 1, 2016, was untimely. Because *Johnson* is inapplicable to his case, Adams may not use it to invoke § 2255(f)(3)'s alternative statute of limitations. The undersigned therefore **RECOMMENDS** that the motion be **DENIED** as time-barred.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Adams's sole theory regarding the merits and the timeliness of his case relies on the applicability of *Johnson*. Because *Johnson* is plainly not applicable, reasonable jurists would not find this dismissal debatable.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 6th day of April, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge