UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No 6:11-cr-00040-GFVT-HAI-1 |
| Petitioner/Respondent, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JOHN WAYNE ADAMS, ) | **ORDER** |
| ) | |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [R. 190], as well as the Motion for Reconsideration filed by Defendant John Wayne Adams. [R. 185.] For the reasons explained below, the Court will ADOPT the Recommended Disposition of Magistrate Judge Ingram, will GRANT Mr. Adams's Motion for Reconsideration, but will DENY Mr. Adams relief on the underlying motion.

**I**

In 2012, Defendant John Wayne Adams pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Although Mr. Adams's recommended United States Sentencing Guidelines range was 262 to 327 months, Adams entered into a binding plea agreement with the United States which set his term of imprisonment at 240 months. [*See* R. 119.] In November 2012, the undersigned accepted the proposed binding plea agreement and sentenced Adams to 240 months of incarceration. [*See* R. 126.]

In July 2015, Mr. Adams filed a motion to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which provides for a two-level reduction in the base offense level for certain drug offenses. [*See* R. 168.] The Court denied that motion, stating that Adams was ineligible for relief as a Career Offender. [R. 172.] Mr. Adams appealed the denial to the Sixth Circuit Court of Appeals [R. 180] and also filed a motion for reconsideration of the Court's order. [R. 185.] Subsequently, Mr. Adams filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 188.]

The Sixth Circuit dismissed Adams's appeal as untimely. [R. 191.] Magistrate Judge Ingram has recommended Adams's habeas petition also be dismissed as untimely. [R. 190.] The Court now considers both the pending motion for reconsideration and Judge Ingram's Recommended Disposition.

## II

### A

First, the Court must deny Mr. Adams's *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Consistent with local practice, Adams's habeas petition was referred to United States Magistrate Judge Hanly A. Ingram for the preparation of a Recommended Disposition. Judge Ingram considered the matter and concluded Mr. Adams is not entitled to the relief sought. Specifically, Judge Ingram found that Mr. Adams's petition was time-barred, and that, even if it was not untimely, it fails on the merits because *Johnson v. United States*, 135 S. Ct. 251 (2015), does not apply to his case. [*See* R. 190.]

Judge Ingram's Recommended Disposition advised the parties that any objections to the recommendation must be filed within fourteen (14) days of service or waive the right to further appeal. [*Id.* at 7.] As of this date, neither party has filed any objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with Judge Ingram's Recommended Disposition. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Adams's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**B**

Next, the Court considers Mr. Adams's Motion for Reconsideration filed on February 10, 2016. [R. 185.] By way of this *pro se* motion, Mr. Adams challenges the Court's order at Docket Entry 172, which denied Mr. Adams an Amendment 782 sentence reduction because he was a Career Offender. [*See* R. 172.] Adams contends he was sentenced pursuant to a binding plea agreement, not the Career Offender provisions of the United States Sentencing Guidelines. Accordingly, he moves for reconsideration of the Court's order. [R. 185.]

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding where there has been a mistake or where relief is otherwise justified. Fed. R. Civ. P. 60(b)(1), (6).[1] Mr. Adams's articulated ground for reconsideration is that he was sentenced

---

[1] Mr. Adams moves for relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [*See* R. 185 at 1.] Motions to reconsider, motions to alter or amend under Rule 59(e), and motions for relief from judgment under Rule 60(b) are considered according to the same standards. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *United States v. Shields*, No. 2:09-33-DCR-04, 2016 WL

3

under a binding plea agreement and not as a Career Offender. Upon review of the record, the Court agrees that Mr. Adams was, in fact, sentenced pursuant to a binding plea agreement, an issue the Court failed to address when denying his request for a sentence reduction. [*See* R. 119; R. 172; R. 181-1 at 2-3.] Therefore, his motion for reconsideration will be granted, and the Court will vacate its prior order denying the sentence reduction. [*See* R. 172.] However, upon the Court's immediate reconsideration of the issue set forth below, it is clear that Mr. Adams's request for a sentence reduction must still be denied.

Whether Adams is actually eligible for the Amendment 782 two-point sentence reduction in light of his Rule 11(c)(1)(C) binding plea presents a somewhat complex question.[2] In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the United States Supreme Court considered whether a Rule 11(c)(1)(C) sentence is "based on a sentencing range" so as to allow for a subsequent sentence reduction when there has been an amendment to the United States Sentencing Guidelines. If a binding plea agreement is not "based on" the Guidelines, a defendant may not obtain relief under § 3582(c)(2). *Id.* Justice Sotomayor's concurrence, the most narrow opinion authored by the splintered *Freeman* Court, represents the holding of the Court as to whether a particular agreement is "based on" a Guidelines range. *See, e.g.*, *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013). The Sixth Circuit, therefore, has drawn on Justice Sotomayor's concurrence to provide guidance on the situation faced by defendants in Mr. Adams's circumstance. *See United States v. McNeese*, 819 F.3d 922, 927 (6th Cir. 2016).

---

3212250, at *1 (E.D. Ky. June 7, 2016). Mr. Adams's *pro se* motion is untimely pursuant to Rule 59(e), but it is permitted pursuant to Rule 60. Therefore, the Court will consider his request under Rule 60(b). *Shields,* 2016 WL 3212250, at *1.

[2] Federal Rule of Criminal Procedure 11(c)(1)(C) allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does not does not apply." Thus, a "Rule 11(c)(1)(C) sentence" refers to a sentence imposed pursuant to a defendant's binding plea agreement.

Pursuant to *Freeman* and subsequent Sixth Circuit case law, a defendant's Rule 11(c)(1)(C) sentence is "based on" a Guidelines range—and able to benefit from a subsequent amendment to the Guidelines—if the binding plea agreement "make[s] clear that the basis for the specified term is a Guidelines sentencing range." *Id.* (quoting *Freeman*, 131 S. Ct. at 2697). More specifically, a defendant's sentence is based on a particular Guidelines range "*only when* that guideline range is *explicitly* referenced in a plea agreement." *Id.* (quoting *United States v. Douglas*, 606 F. App'x 287, 289-90 (6th Cir. 2015)).

To determine whether Mr. Adams is eligible for a sentence reduction, the Court looks to the language of his binding plea agreement itself. *See id*. at 929-30 (noting that precedent requires looking to the language of the plea agreement itself and disregarding any remarks made during the sentencing hearing). The parties' plea agreement provides the following information regarding the United States Sentencing Guidelines:

> 5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations. This recommendation does bind the Court.
>
>> (a) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.
>>
>> (b) That based on the quantity of a mixture or substance containing a detectable amount [of] methamphetamine produced in the course of the conspiracy that the base offense level will be a level 30.
>>
>> (c) Pursuant to the terms of this plea agreement, the Defendant's term of imprisonment shall be 240 months. The Defendant shall also be sentenced to a term of supervised release of a period of no less than 8 years. The Defendant shall not be ordered to pay a fine.
>
> 6. No agreement exists about the Defendant's criminal history category pursuant

to U.S.S.G. Chapter 4.

[R. 119 at 4.]

Pursuant to this language, the Defendant cannot avail himself of § 3582(c) and Amendment 782. While the plea agreement does provide a base offense level, it explicitly references neither an actual Guidelines range nor any applicable enhancements. [*See id.*]; *McNeese*, 819 F.3d at 927-28. And while a list of Mr. Adams's prior drug-related felony convictions is provided in the plea agreement [*see* R. 119 at 3],[3] the plea agreement explicitly reserves a decision or agreement as to his criminal history category under Chapter 4 of the Guidelines. [*Id.* at 4.] "[T]he absence of any mention of [Mr. Adams's] criminal-history score makes the calculation of a sentencing range impossible from the facts contained in his plea agreement." *McNeese*, 819 F.3d at 929.

Although Mr. Adams's Rule 11(c)(1)(C) plea agreement contains at least some information related to his Guidelines calculations, the agreement does not contain enough details to be eligible for § 3582(c) relief under the case law. The Sixth Circuit has repeatedly and unequivocally required a specific calculation of a defendant's Guidelines range in order to find a Rule 11(c)(1)(C) sentence to be "based on" the Guidelines. *Compare id.*; *United States v. Blaine*, 656 F. App'x 765 (6th Cir. 2016), *with United States v. Garrett*, 758 F.3d 749, 755-56 (6th Cir. 2014); *United States v. Smith*, 658 F.3d 608, 613 (6th Cir. 2011) (finding a defendant's sentence to be "based on" the Guidelines where parties had attached a worksheet to the Rule

---

[3] It is unclear to the Court whether the parties intended to cross out paragraph (l) on page 3 of the plea agreement, which details the Defendant's prior convictions. [*See* R. 119 at 3.] The plea agreement clearly references a 21 U.S.C. § 851 notice filed by the Government, but the Court is not to consider such a notice in this situation. *See United States v. Blaine*, 656 F. App'x 765 (6th Cir. 2016). Ultimately, the Court finds the information about Adams's criminal history provided in the plea agreement to be immaterial, as the agreement makes clear the parties reached no conclusion regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

6

11(c)(1)(C) plea agreement that detailed the Guidelines calculations applicable to the defendant's offense). On the whole, Adams's plea agreement "does not provide [the Court] with the necessary tools to calculate his sentencing range." *See Blaine*, 656 F. App'x at 770.

Because the plea agreement does not make it evident that Adams's sentence was based on a particular Guidelines calculation, the Court may not reduce his sentence pursuant to § 3582(c)(2) and Amendment 782. Thus, Mr. Adams's motion to reduce his sentence [R. 168] is properly denied, even if for different reasons than stated in the Court's original order denying Adams a sentence reduction solely because of his purported Career Offender status.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [R. 190] as to John Wayne Adams's § 2255 petition is **ADOPTED** as and for the opinion of the Court;

2. Mr. Adams's § 2255 petition is **DENIED**, and a Certificate of Appealability as to the petition is also **DENIED**;

3. **JUDGMENT** in favor of the United States shall be entered contemporaneously herewith;

4. Mr. Adams's Motion for Reconsideration on the Court's Order at Docket Entry 172 is **GRANTED;** and

5. Nevertheless, upon reconsideration of Mr. Adams's motion for a sentence reduction [R. 168], Mr. Adams's motion to reduce his sentence is **DENIED** in light of his binding plea agreement and the analysis articulated in this Opinion.

This the 28th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge